UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO. 07-20199-CIV-JORDAN

DELAWARE VALLEY FLORAL )
GROUP, INC. A New Jersey corporation )
f/k/a DELAWARE VALLEY )
WHOLESALE FLORIST, INC., et al., )
)
)
      Plaintiffs )
)
vs. )
)
SHAW ROSE NETS, LLC ., a Florida )
limited liability company, and KENNETH )
P. SHAW, an individual, )
)
)
      Defendants )

**ORDER GRANTING DEFENDANTS' MOTION TO STRIKE**

The plaintiffs have moved for summary judgment, asserting that the defendants' patent is invalid. With their statement of undisputed facts, they submitted Exhibits A through M. The defendants moved to strike Exhibits J through M because the documents are in Spanish and have not been translated. I agree. If a party submits documents in a foreign language, it is incumbent upon them to provide certified translations of such documents. *See United States v. Rivera-Rosario*, 300 F.3d 1, 7 n. 4 (1st Cir. 2002) (noting "the well-settled rule that parties are required to translate all foreign language documents into English"). *See also Rivas-Montano v. United States*, 2006 WL 1428507, at *1 (M.D. Fla. May 22, 2006) (citing numerous cases that declined to consider documents in a foreign language).[1]

The defendants' motion [D.E. 47] to strike Exhibits J, K, L and M attached to the plaintiffs' statement of material facts in support of their motion for summary judgment is therefore GRANTED.

DONE and ORDERED in chambers in Miami, Florida, this 22nd day of September, 2008.

/s/ Adalberto Jordán
Adalberto Jordán
United States District Judge

Copy to:    All counsel of record

---

[1] Although I am fluent in Spanish and could review and read the documents, I cannot rely on my own reading of the documents. *See Rivera-Rosario*, 300 F.3d at 5 ("It is clear, to the point of perfect transparency, that federal court proceedings must be conducted in English.").