UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-20199-CIV-JORDAN

DELAWARE VALLEY FLORAL GROUP, INC., a New Jersey corporation f/k/a DELAWARE VALLEY WHOLESALE FLORIST, INC., et al.,

Plaintiffs,

v.

SHAW ROSE NETS, L.L.C., a Florida limited liability company, and KENNETH P. SHAW, an individual,

Defendants.
_________________________________/

**REPORT AND RECOMMENDATION**
**ON PLAINTIFFS' BILLS OF COSTS**

Pending before this Court are the Bills of Costs filed by Plaintiffs Delaware Valley Floral Group, Inc. (Delaware) [DE 84], Continental Farms, LLC (Continental) [DE 88], Choice Farm Corp. (Choice) [DE 89], and Superior Florals, Inc. (Superior) [improperly filed as DE 12, in Case No. 07-20200-CIV-JORDAN]. Defendants Shaw Rose Nets, LLC and Kenneth P. Shaw filed responses in opposition. [DE 90, 93, 94, 95]. The bills of costs were granted by the Honorable Adalberto Jordan and referred to me for a report and recommendation as to the proper amount of costs. [DE 99, 100, 101, 102].

## I. BACKGROUND

Plaintiffs filed their Complaint on January 25, 2007, and subsequently filed an Amended Complaint on May 21, 2007, alleging that Defendants were infringing upon U.S. Patent 5,765,305, which describes a method by which porous plastic netting is placed on roses while they are growing to increase the size of the rose buds. [DE 1, 10]. Plaintiffs filed a joint Motion for Summary Judgment on June 11, 2008 [DE 37, 38], to which Defendants filed their Response in Opposition [DE 58, 59]. Judge Jordan granted Plaintiffs' Motion for Summary Judgment [DE 80], and on December 10, 2008, entered Final Judgment in favor of Plaintiffs. [DE 81].

Following the entry of Final Judgment, Plaintiffs Delaware, Continental, Choice, and Superior each filed a separate Bill of Costs, which I now consider in turn.

## II. ANALYSIS

Federal Rule of Civil Procedure 54(d) provides that a prevailing party is entitled to recover its costs as a matter of course and 28 U.S.C. § 1920 sets forth the costs that may be taxed. *See Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987); *Maris Distributing Co. v. Anheuser-Busch, Inc.*, 302 F.3d 1207, 1225 (11th Cir. 2002) (the court abuses its discretion if it awards costs pursuant to FED. R. CIV. P. 54 in excess of those permitted by Congress under 28 U.S.C. § 1920). As noted, final judgment was entered for Plaintiffs, Defendants do not dispute that Plaintiffs are the prevailing parties, and Judge Jordan has already entered an order that Plaintiffs be awarded their costs. Therefore, the only remaining issue is the amount of costs that Plaintiffs are entitled to recover.

A. PLAINTIFF DELAWARE VALLEY FLORAL GROUP, INC.

***Fees of the Clerk***

Plaintiff Delaware seeks to recover its filing fees in the amount of $350.00. Section 1920(1) authorizes recovery of fees of the Clerk and Defendants make no objection to this claim. As such, the Court determines that Plaintiff Delaware is entitled to recover this amount in its entirety, for a total of **$350.00**.

***Fees for Service of Summons and Subpoena***

Plaintiff Delaware asks to recover the cost of service of summons and subpoenas in the amount of $390.00. Plaintiff's invoices show that they spent $120.00 per Defendant to serve two summonses - at two different addresses ($60 per address) - on Defendants Kenneth Shaw and Shaw Rose Nets, which included rush delivery charges. [DE 84-1, p. 16-17]. The cost of serving subpoenas on First Choice Floral and National Floral Exchange was $75.00 per subpoena, which included a same day priority charge. [DE 84-1, p. 18]. Defendants object to payment of these costs because the summonses and subpoenas were served on a "rush" or "same day priority" basis, which they claim was unnecessary. Defendants cite to *Powell v. Carey Int'l, Inc.*, 548 F.Supp.2d 1351, 1358 (S.D. Fla. 2008) as authority that "priority fees" for service can not be recovered under section 1920(1).

Section 1920(1) provides that "[f]ees of the clerk and marshal" may be taxed as costs. This includes service of process costs for the Complaint, as well as costs for deposition and trial subpoenas. Although § 1920(1) specifically references the "marshal," the Eleventh

Circuit has held that service by a private process server is recoverable, provided that the rates do not exceed the cost that would be charged by the U.S. Marshals Service for service. *United States Equal Employment Opportunity Comm. v. W & O, Inc.*, 213 F.3d 600, 623-24 (11th Cir. 2000). At the time of the service here, the U.S. Marshal's rate was $45.00 per hour for each item served, plus travel costs and other out-of-pocket expenses. *See* 28 C.F.R. § 0.114(a)(3) (2007).

Defendants are correct that priority rush fees generally are not compensable, but Plaintiff Delaware may recover the $45.00 the U.S. Marshals Service would have charged for service. Plaintiff Delaware has the burden of justifying its costs, and has failed to demonstrate why it was necessary to serve the same process simultaneously at multiple addresses, and why it was necessary to do so on a rush basis. As such, I recommend that Plaintiff Delaware recover $45.00 for a one-time service of the summons on each Defendant, and service of the two subpoenas, for a total of **$180.00**.

***Fees of the Court Reporter for Transcripts***

Plaintiff Delaware seeks to recover $1,697.36 in court reporter fees for two depositions. Taxation of transcript costs is authorized by 28 U.S.C. § 1920(2), so long as the transcripts were "necessarily obtained for use in the case." *United States Equal Employment Opportunity Comm.*, 213 F.3d at 620-21. Depositions of parties, depositions relied on at summary judgment, and depositions of witnesses identified on the opposing parties' witness lists are generally taxable. *Id.* at 621-22. However, "[w]here the deposition costs were

merely incurred for convenience, to aid in thorough preparation, or for purposes of investigation only, the costs are not recoverable." *Id.* at 620.

Plaintiff Delaware seeks to recover costs for the transcript of Defendant Kenneth Shaw's deposition in the amount of $1,257.96 [DE 84-1, p. 20], and a certified transcript of the deposition of Antonio (Sefair) Ferrer in the amount of $439.40 [DE 84-1, p. 21]. Defendants do not object on the ground that these depositions were not necessarily obtained, but they do challenge some of the fees - for scanning, copying, CD litigation packages, and shipping and handling - as unrecoverable. [DE 90, p. 3-4].

The Defendants are right that Plaintiff Delaware should not recover expenses related to exhibits and CDs (*see Rivers v. Orthopedic Sys., Inc.*, No. 04-61375-CIV, 2006 WL 5838358 (S.D. Fla. Nov. 28, 2006)), and delivery charges. *See United States v. Davis*, 87 F.Supp.2d 82, 90 (D.R.I. 2000); *Duckworth v. Whisenant*, 97 F.3d 1393, 1399 (11th Cir. 1996) (postage costs "are clearly not recoverable."). Thus, $56.00 must be deducted from the invoice for Mr. Shaw's deposition (leaving a balance of $1,201.96) and $128.90 must be deducted from the invoice for Mr. Ferrer's deposition (leaving a balance of $310.50), leaving a recoverable sum of **$1,512.46**.

***Fees and Disbursements for Printing***

Plaintiff Delaware seeks to recover $484.80 in fees and disbursements for printing, and in support offers only a list of dates and dollar amounts of the copying costs. Defendants object that Plaintiff Delaware has not met its burden of justifying these expenses, because

it has not provided any information about the nature and purpose of the copies. [DE 90, p. 4-5]. Delaware also did not disclose the rate it claims for its copies.

Copying costs are taxable under 28 U.S.C. § 1920(4), if the photocopies were necessarily obtained for use in the case. *See For Play Limited*, 2006 WL 3662339, at *10. In making this determination, courts should consider "whether the prevailing party could have reasonably believed that it was necessary to copy the papers at issue." *United States Equal Employment Opportunity Comm.*, 213 F.3d at 623. It is not necessary that the photocopies be used at trial or in any papers filed with the court to be taxable. *Id.* However, the prevailing party cannot recover for copies made merely for counsel's convenience and the party seeking costs bears the burden of showing that the costs are recoverable. *See For Play Limited*, 2006 WL 3662339, at *10.

When the moving party does not meet this burden, or provides insufficient information regarding copy costs, it is within the court's discretion to decline to award any costs. *Scelta v. Delicatessen Support Serv., Inc.*, 203 F.Supp.2d 1328, 1340-41 (M.D. Fla. 2002). In *Scelta*, although recognizing that some of the copying costs sought by the moving parties must be recoverable, the court held that where the moving parties "have not described the photocopying costs sufficiently to permit a determination of which photocopies were necessarily obtained for use in this case, reimbursement for photocopying costs is rejected in its entirety." *Id.*; *see also For Play Limited*, 2006 WL 3662339, at *10 (where plaintiff submitted no evidence from which the court could determine which copy costs were

recoverable, the court denied recovery of all copying costs).

In the case at hand, Plaintiff Delaware elected to file a Bill of Costs pursuant to FED. R. CIV. P. 54(d) rather than a motion for costs with a supporting memorandum. Although a Bill of Costs does not require a supporting memorandum, the moving party nevertheless maintains its burden of proof, and Plaintiffs were put on notice that the necessity of the copies was in dispute when Defendants filed their response. Plaintiff, however, choose to not file a reply.

Plaintiff Delaware has not provided the Court with any indication as to the nature, purpose, and billing rate of the copies, and thus has failed to meet its burden of proof. I recommend that Plaintiff Delaware's claim for copying costs be denied in its entirety.

***Fees for Exemplification and Copies***

Section 1920(4) authorizes the recovery of the "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." 28 U.S.C. § 1920(4). Plaintiff Delaware seeks to recover $5,266.87 in costs which it claims falls under this provision.

Two of the costs (one for $683.38 and the other for $1,380.49) are for the production of exhibits mounted on foam. [DE 84-1, p. 23,25]. Defendants have not generally objected to these claims, and while the court has little information about the exhibits, it would appear that these costs are recoverable. *Arcadian Fertilizer, L.P. v. MPW Industrial Services, Inc.*, 249 F.3d 1293, 1296 (11th Cir. 2001) ("We read 'copies of paper' to mean reproduction

involving paper in its various forms, and conclude that because oversize documents and color photographs are capable of this characterization, taxation of these costs was not error.”). Defendants do object that one of these costs - that for $683.38 - is also partially claimed by Plaintiff Continental in its Bill of Costs; Defendants understandably want to be certain that it is not charged twice for this cost. Plaintiff Continental does ask to recover $292.88 of this charge, which it reports was its pro rata share of this shared exhibit. [DE 88-1 p. 4]. Continental acknowledges that the cost was actually incurred by Plaintiff Delaware’s counsel on behalf of all Plaintiffs [*id.*], and submits no proof that it actually paid Delaware’s counsel a partial contribution. On this record, it is reasonable to award the entire cost ($683.38) to Delaware, and leave it to the Delaware to reimburse Continental for any contribution it made to this expense.

Defendants object to three of the costs claimed (for $103.00, $100.00 and $3,000.00) because they appear to be for legal research or similar search services. Once again, Plaintiff Delaware has not offered any information in reply to this objection. Defendants are correct that costs expended in computerized legal research are not recoverable under the statute. *See Duckworth v. Whisenaut*, 97 F.3d 1393, 1399 (11th Cir. 1996); *Scelta*, 203 F.Supp.2d 1328 at 1339. Thus, these costs should not be allowed.

Based on the foregoing, I recommend that Plaintiff Delaware partially recover the fees it claims for exemplification and copies, in the amount of **$2,063.87**.

***Docket Fees***

Plaintiff Delaware claims $20.00 in attorney docket fees under 28 U.S.C. § 1923(a). Because this case is concluded upon a final hearing, the Court finds that Delaware is entitled to this amount pursuant to statute, for a total of **$20.00**.

***Compensation of Interpreters***

Relying upon § 1920(6), which allows for the recovery of the "compensation of interpreters," Plaintiff Delaware asks to recover $275.00 spent on "Spanish to English translating services" and provides a supporting invoice. [DE 84-1, p. 7, 26]. Defendants do not object to the request.

It remains an open question in the Eleventh Circuit whether document translation services - as opposed to the interpretation of live speech - is compensable, and other Circuits are split on this issue. The Seventh Circuit has ruled that translation services are not compensable under § 1920(6). *Extra Equipmentos E Exportacao, Ltda. v. Case Corp.*, 541 F.3d 719, 727-28 (7th Cir. 2008) (disallowing the award of translation fees based on the plain language of 28 U.S.C. § 1920(6)). In contrast, the Sixth Circuit has interpreted the statute more liberally to include the award of translation fees. *BDT Products v. Lexmark Int'l, Inc.*, 405 F.3d 415, 419 (6th Cir. 2005) (holding that the district court has broad discretion to interpret § 1920 and does not abuse its discretion in awarding translation fees under the statute).

While some courts in this District have followed the Seventh Circuit and disallowed

translation costs, others have allowed such costs. *Compare Tesler v. Costa Crociere S.p.A.*, No. 08-60323-CIV, 2009 WL 1851091, *2 (S.D. Fla. June 29, 2009), *with Suarez v. Tremont Towing Inc.*, No. 07-21430-CIV, 2008 WL 2955123, *4 (S.D. Fla. Aug. 1, 2008). The results appear to depend heavily upon the circumstances of each case. Under the circumstances here, where the Defendants chose to not object to this cost, the amount is modest, and the need in this case for translation of documents from Spanish to English is not surprising, as a general proposition, recovery seems appropriate. For these reasons, I recommend that Plaintiff Delaware recover this cost in its entirety, for a total of **$275.00**.

In sum, I recommend that Plaintiff Delaware recover costs from the Defendants in the amount of **$4,401.33**.

**B. PLAINTIFF CONTINENTAL FARMS, L.L.C.**

***Fees of the Clerk***

Plaintiff Continental seeks to recover its filing fees in the amount of $1,050.00. Section 1920(1) allows prevailing parties to recover "fees of the Clerk" and Defendants make no objection to this claim. As such, Plaintiff Continental is entitled to recover this amount in its entirety, for a total of **$1,050.00**.

***Fees for Service of Summons and Subpoena***

Plaintiff Continental asks to recover service and subpoena fees in the amount of $589.28. Defendants object on the same grounds it raised in response to Plaintiff Delaware's request to recover similar costs, and my analysis of Delaware's service and subpoena fees

applies equally here.

Plaintiff Continental submitted invoices for serving three summonses each on Defendant Shaw Rose Nets, at $105.00 apiece, for service at two addresses and upon the registered agent, and which included a rush delivery charge. Invoices were also provided for serving three summonses on Defendant Kenneth Shaw at $70.00 apiece, again with rush delivery charges. Plaintiff Continental also claims $32.14 each, as its pro rata share for the cost of service of a subpoena for documents upon First Choice Floral and National Floral Exchange, which expense was undertaken by Plaintiff Delaware on behalf of all Plaintiffs. Continental has not provided the Court, however, with any proof that it has paid these amounts to Plaintiff Delaware. [DE 88-1, p. 2, 21-26].

As I have already noted in my review of Plaintiff Delaware's claim, while priority and rush fees are generally not compensable, Plaintiff Continental may recover the $45 fee the U.S. Marshals Service would have charged to serve the summonses. Like Plaintiff Delaware, Plaintiff Continental has not shown that it was necessary to serve the same defendant simultaneously at multiple addresses on a rush basis. As for the two subpoenas for which Plaintiff Continental seeks to recover a pro rata share of the service fees ($32.14 each), there is no proof that Continental already paid this money to Plaintiff Delaware, and I have recommended that Plaintiff Delaware be compensated the entire amount, and that the Court leave it to Continental and Delaware to "settle up" between themselves, if appropriate. Accordingly, I recommend that Plaintiff Continental recover $45.00 for service of one

summons on Shaw Rose Nets and on Kenneth Shaw, for a total of **$90.00**.

***Fees of the Court Reporter for Transcripts***

Plaintiff Continental asks to recover $1,450.00 in court reporter fees for two transcripts (Kenneth Shaw, $953.10 and Antonio (Sefair) Ferrer, $496.90), and provides supporting invoices. [DE 88-1, p. 5-6, 31-32]. Defendants do not challenge the necessity of these depositions, but as with Plaintiff Delaware, they do object that some of the court reporters' charges are not recoverable. [DE 94, p. 4].

As I have already addressed, Plaintiff Continental is not entitled to recover expenses for CD's, scanning and copying exhibits, and shipping. Rather, recovery here is limited to the cost of the transcripts themselves, which is $742.40 for Mr. Shaw's deposition, and $368.00 for Mr. Ferrer's deposition, for a total of **$1,110.40**.

***Fees and Disbursements for Printing***

Plaintiff Continental seeks to recover $1,196.00 for photocopies, and once again offers only a list of dates and dollar amounts, without including information about the copies made or the rate charged. [DE 88-1, p. 6-7]. Defendants raise the same objections that they did to Plaintiff Delaware's claim for similar costs. [DE 94, p. 4-5].

Because Plaintiff Continental chose to not file a reply and has wholly failed to give the Court with any indication as to the nature, purpose, and billing rate of the copies, I conclude that Continental has not met its burden of proof and recommend that it not recover these costs.

***Fees for Exemplification and Copies***

Plaintiff Continental seeks to recover $292.88, which it says is its pro rata share of a demonstrative exhibit that counsel for Plaintiff Delaware purchased on behalf of all Plaintiffs. [DE 88-1, p. 7]. As I explained in my review of Delaware's Bill of Costs, Defendants rightly asked that they not have to reimburse any Plaintiffs twice for this cost, and I have recommended that Delaware be awarded this entire cost, and that the Court leave it to the Plaintiffs to "settle up" between themselves, if appropriate.

***Compensation of Interpreters***

Plaintiff Continental asks to recover $600.00 it paid to translate certain documents from Spanish to English, which were included in its summary judgment memorandum. [DE 88-1, p. 7, 36-39]. Defendants respond that these documents were attached to Plaintiff's summary judgment reply memorandum, and upon Defendant's motion, they were struck by the Court. [DE 94, p. 6]. Defendants claim they were stricken because they were not relevant or necessary, but that is not entirely accurate: they were stricken because they were part of an untimely argument, raised for the first time in Plaintiffs' reply memorandum. [DE 78].

In any event, Plaintiff Continental has not met Defendant's objection, and has not shown the court that these translated documents were in fact necessary to the case. As already noted, it has the burden of justifying the costs it asks to recover, *Porcelanas Florencia, S.A. v. Caribbean Resort Suppliers, Inc.*, No. 06-22139-CIV, 2009 WL 1456338,

at *6 (S.D. Fla. May 22, 2009), and on this record I recommend that it not be awarded these translation costs.

In sum, I recommend that Plaintiff Continental recover costs in the total amount of **$2,250.40**.

C. PLAINTIFF CHOICE FARM CORP.

***Fees of the Clerk***

Plaintiff Choice asks to recover its filing fees in the amount of $350.00. Section 1920(1) allows for this, and Defendants make no objection. As such, Plaintiff Choice should recover this amount in its entirety, for a total of **$350.00**.

***Fees for Service of Summons and Subpoena***

Plaintiff Choice asks to recover service fees in the amount of $60.00, for service of summonses on Defendants Shaw Rose Nets and Kenneth Shaw, at $30.00 apiece. Defendants do not object to this request and I recommend that Plaintiff Choice recover the entire amount of **$60.00**.

***Fees and Disbursements for Printing***

Plaintiff Choice seeks to recover $291.95 in photocopy charges. Similar to the other Plaintiffs, Choice provides a redacted invoice, that lists dates and the total costs of copies, but unlike the others includes the rate charged for copies (25 cents per page). [DE 89-1, p. 5-9]. Defendants raise the same objections that they made to Delaware's and Continental's claims for copy charges [DE 93, p. 2-3], and this Plaintiff also did not meet those objections

in a reply. I use the same analysis expressed earlier in this Report and Recommendation and recommend that Plaintiff Choice not recover any of these costs.

***Fees for Exemplification and Copies***

Plaintiff Choice seeks to recover $16.05 in fees for exemplification and copies of papers necessarily obtained for use in the case. This expense takes the form of CD duplication. [DE 89-1, p. 3, 13]. Though Defendants do not object to this request, the Court notes that this request is improper under 28 U.S.C.§ 1920(4) as it does not fall under the categories of "copies of paper" or "exemplification" as defined by the Eleventh Circuit. *See Arcadian Fertilizer, L.P.*, 249 F.3d at 1296-97. As such, the Court finds that this cost is not recoverable.

***Docket Fees***

Plaintiff Choice claims its attorney docket fees of $20.00 as mandated by 28 U.S.C. § 1923. Because this case was concluded upon a final hearing, the Court finds that Choice is entitled to this statutory amount, for a total of **$20.00**.

In sum, I recommend that Plaintiff Choice recover costs in the amount of **$430.00**.

**D. <u>PLAINTIFF SUPERIOR FLORALS, INC.</u>**

***Fees of the Clerk***

Plaintiff Superior seeks to recover its filing fees in the amount of $350.00, as authorized by section 1920(1), and Defendants make no objection to this claim. As such, Plaintiff Superior should recover this amount in its entirety, for a total of **$350.00**.

***Fees for Service of Summons and Subpoena***

Plaintiff Superior asks to recover $180.00 in fees for service of summons, and has provided an invoice that shows two $60 charges for "rush" service on Kenneth Shaw at two addresses, and one $60 charge for "rush" service on Shaw Rose Nets. [DE 12-1, p. 7]. Defendant raises the same objections here, to the repetitive service and added fees for rush service. Applying the same reasoning I have already expressed, I recommend that Plaintiff Superior recover the $45 charge that the U.S. Marshals Service would have charged to serve the summonses, once, on each Defendant, for a total of **$90.00**.

***Fees of the Court Reporter for Transcripts***

Plaintiff Superior seeks to recover $1,450.00 in court reporter fees for the depositions of Antonio Ferrer ($496.90) and Kenneth Shaw ($953.10). [DE 12-1, p. 10-11]. Defendants rightfully object to the unauthorized charges included in those invoices, for scanning and copying, CDs and shipping, but do not otherwise object to this claim. Consistent with the reasoning I have already expressed, Plaintiff Superior should recover only the cost of the transcripts, $368.00 for the Ferrer deposition, and $742.40 for the Shaw deposition, for a total of **$1,110.40**.

***Fees and Disbursements for Printing***

Plaintiff Superior seeks to recover $369.68 in fees and disbursements for printing and photocopies, but provides scant information to support this claim. Specifically it attaches two invoices from a copy service, one for $21.77 and the other for $256.00 for "copies" at a rate

of 11 cents per page, but no information is included about the nature and purpose of the copies. [DE 12-1, p. 8-9]. Without any supporting documentation whatsoever, Superior simply claims an additional $91.91 of photocopy charges. [DE 12-1, p. 4]. Defendants raise the same objections here, as they have raised to the other claims for copying charges. [DE 95, p. 4-5]. Again, Plaintiff Superior has not responded to these objections, or otherwise met its burden to support this claim. Therefore, I recommend that this claim for costs be denied in its entirety.

***Legal Research***

Although Plaintiff Superior's actual Bill of Costs does not include a claim for legal research, an attached document, titled "Itemization of Costs" includes "Westlaw reimbursement" in the amount of $70.49. [DE 12-2, p. 4]. As explained elsewhere in the Report and Recommendation, section 1920 does not authorize recovery of legal research fees.

***Mediation Expenses***

Plaintiff Superior seeks reimbursement for mediation expenses in the amount of $1,112.97. Defendants correctly object to this request on the grounds that section 1920 does not allow for recovery of these expenses. [DE 95, p.6]. *See Santidrian v. Landmark Custom Ranches, Inc.*, No. 08-60791-CIV, 2009 WL 3241987, *2 (S.D. Fla. October 5, 2009). This request should be denied in its entirety.

In sum, I recommend that Plaintiff Superior recover costs in the amount of **$1,550.40**.

## III. RECOMMENDATION

Based on the foregoing, this Court **RECOMMENDS** that Plaintiffs are entitled to recover their total costs in the following amounts:

| | |
|---|---|
| **Delaware Valley Floral Group, Inc.:** | **$ 4,401.33** |
| **Plaintiff Continental Farms, L.L.C.:** | **$ 2,250.40** |
| **Plaintiff Choice Farm Corp.:** | **$ 430.00** |
| **Plaintiff Superior Florals, Inc.:** | **$ 1,550.40** |

## IV. OBJECTIONS PERIOD

Pursuant to Magistrate Rule 4(a), the parties may file written objections to this Report and Recommendation with the Honorable Adalberto Jordan within **10 days** of the date of this Report and Recommendation. Failure to timely file objections shall bar the parties from attacking on appeal any factual findings contained herein. *See RTC v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *LoConte v. Dugger*, 847 F.2d 745, 749-50 (11th Cir. 1988).

RESPECTFULLY SUBMITTED in chambers at Miami, Florida, this 6th day of November, 2009.

Chris McAliley
CHRIS MCALILEY
UNITED STATES MAGISTRATE JUDGE

cc: The Honorable Adalberto Jordan
All counsel of record