UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO. 07-20199-CIV-JORDAN

DELAWARE VALLEY FLORAL )
GROUP, INC. A New Jersey corporation )
f/k/a DELAWARE VALLEY )
WHOLESALE FLORIST, INC., et al., )
　　　　　　　　　　　　　　　　　　　)
　　　　　Plaintiffs )
vs. )
SHAW ROSE NETS, LLC, a Florida )
limited liability company, and KENNETH )
P. SHAW, an individual, )
　　　　　　　　　　　　　　　　　　　)
　　　　　Defendants )

**ORDER ADOPTING IN PART REPORT AND RECOMMENDATION AS TO COSTS**

Upon de novo review of the record, I adopt the report and recommendation of Magistrate Judge McAliley on the plaintiffs' bills of costs [D.E. 112] in all respects with the exception of the defendants' single objection [D.E. 112] on compensation for document translation.

Accordingly, Delaware Valley Floral Group, Inc. can recover fees and costs for the fees of the clerk in the amount of $350, summons and subpoena in the amount of $180, transcripts from the court reporter in the amount of $1512.62, exemplification and copies in the amount of $2063.87, docket fees in the amount of $20.00, for a total of $4126.49. Delaware Valley Floral Group may not recover fees and disbursements for printing or for translation services.

Under 28 U.S.C. § 1920, "compensation of interpreters" is a taxable cost. I do not believe that document translation services are compensable under the provision that allows for compensation of interpreters. First, the better view is that § 1920(6) "deals exclusively with live individuals (experts and interpreters), and not services provided by a private company to translate documents." *See Tesler v. Costa Crociere S.p.A.*, 2009 WL 1851091, at *2 (S.D. Fla. 2009). *Cf. BDT Products, Inc. v. Lexmark Intern., Inc.*, 405 F.3d 415, 419 (6th Cir. 2005) (finding translation services compensable but failing to analyze the context of the statutory provision). Second, the definition of "interpreter" generally refers to an individual who translates orally from one language to another. *See Extra Equipamentos E Exportacao Ltda. v. Case Corp.*, 541 F.3d 719, 727 (7th Cir. 2008); *Black's Law Dictionary* 824 (7th ed. 1999).

Continental Farms, L.L.C. may recover for fees of the clerk in the amount of $1050, service of summons and subpoena in the amount of $90, and transcripts from the court reporter in the amount of $1,110.40, for a total of $2250.40. Continental Farms may not recover fees and disbursements for printing, fees for exemplification and copies, or for compensation of interpreters.

Choice Farm Corp. may recover for fees of the clerk in the amount of $350, services of summons and subpoena in the amount of $60, and docket fees in the amount of $20, for a total of $430. Choice Farm Corp. may not recover fees and disbursements for printing or for exemplification and copies.

Superior Florals, Inc. may recover for fees of the clerk in the amount of $350, service and summons in the amount of $90, and transcripts from the court reporter in the amount of $1110.40, for a total of $1550.40. Superior Florals may not recover for fees and disbursements for printing, legal research costs, or mediation expenses.

This case remains CLOSED.

DONE and ORDERED in chambers in Miami, Florida, this 17th day of December, 2009.

　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　Adalberto Jordan
　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge

Copy to:　　All counsel of record